**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| UNITED STATES, | No. CR 08-00467 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| DANIEL L. GORDON, | |
| Defendant. | |

Before the Court is the Government's Application to Seal Government's Motion for Protective Order and Government's Motion for Protective Order, filed under seal, and the defendant's Response, filed publicly. For the reasons given below, the Government's Motion for Protective Order is DENIED and the hearing on the motion, currently set for March 17, 2009, at 11:00 a.m. is VACATED.

**BACKGROUND**

Defendant Daniel L. Gordon pleaded guilty to misprision of a felony, a violation of 18 U.S.C. § 4, on December 14, 2008. He is scheduled to be sentenced on March 24, 2009. In anticipation of the sentencing, the Government requests the defendant file those portions of his sentencing memorandum under seal which may identify any individuals whom he believes to be confidential informants. The Government believes this accommodation is narrowly tailored and permits Mr. Gordon to freely present information to the Court that he feels is relevant to sentencing, while protecting any individuals (and their families) whom the defendant believes are confidential informants.

The Government has not identified by name the identity of any individual it does not wish to be disclosed in Mr. Gordon's sentencing memorandum.

**DISCUSSION**

In support of its motion, the Government argues that (1) publicly naming individuals whom the defendant believes are confidential informants in his case will subject those individuals to

1 potential harm and (2) the public's qualified First Amendment right to access certain documents
2 related to criminal proceedings has been overcome by its compelling interest in protecting the safety
3 of a presumed confidential informant and his or her family.  *See United States v. Gomez*, 92 F.3d
4 770 (9th Cir. 1996)(detailing the potential harm to known confidential informants where their
5 cooperation becomes publicly known); *Oregonian Publ'ng Co. v. U.S. District Court*, 920 F.2d
6 1462, 1466 (9th Cir. 1990)(affirming the public's First Amendment right to access certain
7 documents can be overcome only by an overriding right or interest based on findings that closure is
8 essential to preserve higher values and is narrowly tailored to serve that interest).  In addition, the
9 Government suggests that the defendant must demonstrate he will be prejudiced by having to file
10 under seal portions of his sentencing memorandum in order for the Court to find in his favor.

11      In response, the defendant contends that (1)  the Government has failed to allege facts and
12 support with evidence its position that the individual presumed by Gordon to be a confidential
13 informant in his case faces any harm or fears retaliation and (2) the case law indicates that the First
14 Amendment right to public access may give way only when "there is a substantial probability that,
15 in the absence of closure, the compelling interest would be harmed, and there are no alternatives to
16 closure that would adequately protect the compelling interest."  *In re Copley Press, Inc*., 518 F.3d
17 1022, 1030 (9th Cir. 2008) (citing *Oregonian Publ'ng Co. v. U.S. District Court*, 920 F.2d 1462,
18 1466 (9th Cir. 1990)).  In addition, the defendant points out that the Government provides no case
19 law to support its request to seal a presumptively public filing.

20      The Court agrees with the defendant that the Government has not presented the type of facts
21 required to overcome the presumption of public access to documents.  Although the Government
22 does not expressly identify any potential individuals whose identities it requests redacted in the
23 defendant's papers, based on the exhibits attached to the Government's motion, it appears that the
24 defendant and the Government are referring to the same individual.  Assuming the Government and
25 the defendant are speaking of the same individual, the Government has presented no evidence to
26 support its conclusion that the presumed confidential informant faces or fears retaliation if he or she
27 is publicly disclosed.  Nor has the Government presented any evidence to support its assertion of
28 theoretical harm.  Moreover, the defendant has proffered evidence to the Court that the person he

presumes to be the informant has expressly disavowed any such fears or concerns. Consequently, there is no basis for finding a compelling interest in closure of the record such that the public's First Amendment right to public access of documents should be overcome and the motion is denied for lack of factual and legal support.

Assuming the defendant and the Government are speaking of two different individuals, the Government's motion is denied as moot, given Defendant's inclination to discuss another person as the confidential informant.

## CONCLUSION

For the reasons given above, the Court DENIES the Government's Motion for Protective Order. The hearing on the Motion for Protective Order, currently set for March 17, 2009, at 11:00 a.m., is VACATED.

IT IS SO ORDERED.

Dated: 3/17/09

*Saundra B Armstrong*

Saundra Brown Armstrong
United States District Judge